UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK A. BURROWS, individually,
and on behalf of all others similarly situated,

**CLASS REPRESENTATION**

Plaintiff,

Case No. 1:12-CV-22800-Ungaro/Torres

vs.

PURCHASING POWER, LLC, a foreign
limited liability corporation.

Defendant.
_____/

## JOINT MOTION FOR PRELIMINARY
## APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Patrick A. Burrows, on his own behalf and as representative of a Settlement Class ("Plaintiff"), and Defendant Purchasing Power, LLC ("Purchasing Power"), by and through their respective undersigned counsel, jointly move for an order initially approving the Settlement Agreement attached to this motion and setting a Fairness Hearing. More particularly, the parties seek an order:

(1) Preliminarily approving the proposed settlement, as described in the Settlement Agreement attached to this motion as **Exhibit A**;

(2) Conditionally certifying, pursuant to Fed. R. Civ. P. 23 and solely for the purposes of the settlement, a settlement class consisting of "[a]ll persons throughout the United States who were employees of Winn-Dixie and who had their personal identifying information transferred by Winn-Dixie to Purchasing Power on or about December 28, 2009, who are listed on the Winn-Dixie eligibility file known as elig_win_20091226.txt," but excluding from the Class Defendant, any entity in which the Defendant has a controlling interest, Defendant's legal

26539082.1

representatives, officers, directors, assignees and successors, and any judge to whom this action is assigned, together with any relative of such judge, and the spouse of any such persons;

(3) Approving in form and content, (a) the proposed Notice of Pendency and Proposed Settlement of Class Action and Hearing on Proposed Settlement, substantially in the form attached to this motion as **Exhibit B** (the "Long Form Notice"), and (b) the Postcard Notice of Pendency and Proposed Settlement of Class Action and Hearing on Proposed Settlement, substantially in the form attached to this motion as **Exhibit C** (the "Postcard Notice");

(4) Finding that the mailing of the Postcard Notice will fully satisfy the requirements of Rule 23, Fed. R. Civ. P., due process and applicable law, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement and Fairness Hearing to Class Members;

(5) Directing that all proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court;

(6) Conditionally designating Plaintiff as the Class Representative for the sole purpose of settlement proceedings, and his counsel John Yanchunis as Lead Class Counsel and Allen Fuller as Class Counsel;

(7) Appointing Epiq Systems, Inc. as Claim Administrator and directing that within sixty (60) days after the date on which an Order is entered preliminarily approving the settlement, the Claim Administrator shall at Purchasing Power's expense cause a copy of the Postcard Notice to be mailed by United States mail, postage pre-paid, to all members of the Settlement Class who can be identified with reasonable effort at their last known addresses appearing in the records maintained by or on behalf of Purchasing Power.

(8) Directing that Purchasing Power shall, at its expense, cause the Claim Administrator to maintain a web site, which shall provide Class Members with current information regarding the Settlement and the Long Form Notice, and that the Claim Administrator also shall make a copy of the Long Form Notice available to any Class Member who requests a copy in writing or by calling toll free the Claim Administrator;

(9) Scheduling a hearing to determine the reasonableness, adequacy, and fairness of the proposed settlement and whether it should be approved by the Court (the "Fairness Hearing");

(10) Permitting any person falling within the definition of the Class to request to be excluded from the Class by submitting in writing (and not via telephone or email) a Request for Exclusion to the Claim Administrator within 60 days after the Claim Administrator has mailed the Postcard Notice to the Class; and

(11) Providing that any member of the Settlement Class who objects to the approval of this Agreement may appear at the Fairness Hearing, and show cause why all terms of the proposed settlement called for by this Agreement should not be approved as fair, reasonable and adequate and why judgment should not be entered thereon, as long as that Person (a) has served on counsel of record, such that they are received by counsel on or before fourteen (14) calendar days before the Settlement Hearing, (i) a written notice of objection, including a written notice of his, her, or its intention to appear if he, she or it intends to do so, (ii) a written statement of the position he, she or it will assert, (iii) the reasons for his, her, or its position, and (iv) copies of any papers, briefs, or other matters they wish the Court to consider; and (b) filed said objections, papers and briefs, and proof of service on counsel of record on or before same date.

## **MEMORANDUM OF LAW**

## Background

Plaintiff Patrick Burrows commenced this putative class action on July 31, 2012 by the filing of a complaint against Winn-Dixie Stores, Inc. and Purchasing Power, LLC (D.E. 1), which Plaintiff amended on August 7, 2012. On March 19, 2013, Plaintiff filed his Third Amended Complaint (Complaint) to expand the definition of the class and in accordance with the Notice of Court Practices dated March 12, 2013. The Complaint asserts, among other things, claims arising out of a data breach of Plaintiff's and Class Members' Personally Identification Information (PII) while the information was in the possession of Defendant. The Complaint seeks monetary, declaratory and injunctive relief on behalf of Plaintiff, individually, and a putative class of former and present employees of Winn Dixie Stores, Inc. Plaintiff seeks to certify a nationwide class of persons pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3). Defendant contests liability for the claims asserted in the Complaint.

After the conclusion of motion practice directed to the sufficiency of the Second Amended Complaint, the parties began exploring resolution of Plaintiff's claims on a class-wide basis. These discussions were prompted by the parties' desire to avoid the expense, uncertainties and the burden of protracted litigation, and to put to rest any and all claims or causes of actions that have been, or could have been, asserted against Defendant Purchasing Power arising out of the alleged data breach.

In furtherance of these settlement discussions, the parties took a number of steps. *First*, Plaintiff conducted extensive formal and informal discovery, Defendant produced to Plaintiff documents relating to the breach, its data and privacy system before the breach, and the steps it took and changes it made after the discovery of the data breach. Defendant also produced additional documents that Plaintiff requested, provided answers to written interrogatories, and

answered additional specific questions posed by Plaintiff directed at the integral issues in this case.

*Second*, Plaintiff took depositions of Defendant's Chief Operating Officer, Prescott M. Wheeler, and of a third party, Nicholas Cramer, Director of Sales at Debix/All Clear ID to explore the issues relating to the case, the circumstances surrounding the data breach, and Defendant's implementation of specific policies, procedures, and systems to safeguard PII in the future.

*Third,* the parties jointly retained a mediator, Rodney Max, a highly skilled and experienced mediator with a proven track record for resolving complex disputes including class litigation, to mediate their settlement discussions.

*Next,* the parties conducted a mediation session to explore settlement. The parties exchanged offers and counteroffers and negotiated the points of each vigorously. This mediation resulted in a settlement now presently before this Court for consideration. Mediator Max has submitted a declaration in support of the settlement. *See Declaration of Rodney Max*, attached hereto as **Exhibit D.**

Following this mediation session, the parties, through their counsel, turned to the task of memorializing the terms of the settlement in a Settlement Agreement, along with an accompanying class notice form and claim form. On March 27, 2013, after mediation, the Plaintiff and Purchasing Power finalized the Settlement Agreement, attached hereto as Exhibit A. In accordance with the terms of the Settlement Agreement, the parties jointly move for an order initially approving the Settlement Agreement and conditionally certifying, solely for the purposes of the settlement, a Class consisting of all persons throughout the United States who were employees of Winn-Dixie and who had their personal identifying information transferred

by Winn-Dixie to Purchasing Power on or about December 28, 2009, who are listed on the Winn-Dixie eligibility file known as elig_win_20091226.txt. but excluding from the Class the Defendant, any entity in which the Defendant has a controlling interest, Defendant's legal representatives, officers, directors, assignees and successors, and any judge to whom this action is assigned, together with any relative of such judge, and the spouse of any such persons

### A. Settlement Is In The Best Interest Of The Settlement Class.

Federal Rule of Civil Procedure 23(e) requires court approval for any compromises of a class action. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997). In determining whether to approve the Settlement, the Court should be guided by the strong judicial policy favoring pretrial settlement of complex class action lawsuits. *See, e.g., Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Airline Stewards & Stewardesses Ass'n Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1166-67 (7th Cir. 1980) ("Federal Courts look with great favor upon the voluntary resolution of litigation through settlement ..."). See also David F. Herr, Annoted Manual for Complex Litigation section 21.632 (4th ed. Updated 2011). This rule has particular force regarding class action lawsuits." This is in part because of the size and complexity of class actions:

> Particularly in class action suits, there is an overriding public interest in favor of settlements .... It is common knowledge that class action suits have a well deserved reputation as being most complex. The requirement that counsel for the class be experienced attests to the complexity of the class action ... In these days of increasing congestion within the federal court system, settlements contribute greatly to the efficient utilization of our scarce judicial resources.

*Cotton*, 559 F.2d at 11331 (citation omitted). Although class action settlements require court approval, such approval is committed to the sound discretion of the District Court. *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992).

The first step in determining whether to grant preliminary approval to a class settlement is for "the Court [to] make[] a preliminary fairness evaluation of the proposed settlement." *Cope v. Duggins*, 2001 WL 333102, *1 (E.D. La. April 4, 2001), citing Manual for Complex Litigation (Third) § 30.41 (1995). The Court must "evaluate the likelihood that the Court would approve the settlement during its second review stage, the full fairness hearing." *Id.* In so doing, the Court "will examine the submitted materials and determine whether the proposed settlement appears fair on its face." *Id.*; *see In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981).

At the preliminary stage, the Court's review is less stringent. *See, e.g., Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y. 2007); Manual for Complex Litigation (Fourth), § 21.63 (2004) ("At the stage of preliminary approval, the questions are simpler, and the court is not expected to, and probably should not, engage in analysis as rigorous as is appropriate for final approval"). *See also Fresco v. Auto Data Direct, Inc.*, No. 03-61063-CIV, 2007 WL 2330895 at *4 (S.D. Fla. May 14, 2007); Newberg, §11.25, at 38-39 (quoting *Manual for Complex Litigation*, §30.41 (3rd Ed.)); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1110 (9th Cir. 2008).

The Plaintiff and his attorneys (defined in the Settlement Agreement as "Proposed Settlement Class Counsel") arrived at an agreement in principal with Purchasing Power during arm's length negotiations at court-ordered mediation facilitated by Rodney Max, a highly skilled and experienced mediator. This Settlement was subsequently memorialized in the Settlement Agreement attached to this motion. As supported by the declaration of the mediator, the Settlement Agreement was negotiated at arms-length. The Court may presume that the proposed settlement is fair and reasonable, as it was the result of arm's length negotiations. The Settlement contains the material economic terms of the settlement, the manner and form of

notice to be given to the Class, the contingencies or conditions to the settlement's final approval, and other terms.

Proposed Settlement Counsel possessed adequate information concerning the strengths and weaknesses of the Litigation against Purchasing Power after extensive discovery. In addition, proposed Settlement Class Counsel is highly competent counsel with many years of experience litigating class actions. Finally, the complexity, expense, uncertainty, and likely duration of the Litigation also militate in favor of consummating the settlement process. Therefore, the Parties jointly submit that all the circumstances support preliminary approval of the Settlement.

### B. The Requirements of Rule 23 Have Been Satisfied For Conditional Certification of the Settlement Class.

For purposes of conditionally certifying the Rule 23(b)(3) Settlement Class sought by the Parties, the Manual for Complex Litigation (Fourth) § 21.632 advises:

> If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).

This comports with the Supreme Court's holding in *Amchem* that "[s]ettlement is relevant to class certification," but the requirements of Rule 23(a) and (b)(3) must still be met. 521 U.S. at 619-20. When the Court is "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems." *Id.*

In this case, all of the requirements for Rule 23(a) have been met. Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." As the Supreme Court noted in *Amchem*, however, the issue of class management is not relevant for purposes of certifying the Settlement Class.

**Numerosity.** There are 43,565 Class Members. *See* Declaration of Prescott M. Wheeler, attached hereto as **Exhibit E**. Under these circumstances, the numerosity factor specified in Rule 23(a)(1) is satisfied. *See Sullivan v. Chase Inv. Servs., Inc.*, 79 F.R.D. 246, 257 (N.D. Cal. 1978) (a class consisting of 1,000 members satisfies numerosity).

**Commonality.** The commonality requirement of Rule 23(a)(2) is met in this case. In *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2451(2011), the Court opined that in order to support a finding of commonality, the plaintiff's claims must contend on a common contention and that common contention, "must be of such a nature that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 2551. "What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.*

Here, Plaintiff has alleged numerous questions of fact and law common to the Class, including, among others:

a. Whether Defendant failed to implement and maintain commercially reasonable procedures to ensure the security of Plaintiff's and Class Members' PII;

b. Whether Defendant failed to adequately secure PII stored in its processing system;

c. Whether Defendant took reasonable measures to determine the extent of the data breach;

d. Whether Defendant acted negligently in failing to implement and maintain commercially reasonable procedures to secure Plaintiff's and Class Members' PII;

e. Whether Defendant acted negligently in delaying or failing to inform Plaintiff and Class Members of the data breach;

f. Whether Defendant's conduct constitutes negligence;

g. Whether Defendant's conduct was unfair, deceptive, and/or unconscionable;

h. Whether Defendant invaded the privacy of Plaintiff and the Class Members;

i. Whether Plaintiff and Class Members are entitled to injunctive and declaratory relief;

j. Whether Plaintiff and the Class Members have sustained monetary loss and the proper measure of that loss; and

k. Whether Plaintiff and the Class Members have sustained consequential loss, and, if so, to what measure.

In this settlement context, the Parties agree that there are common issues. *See Califano v. Yamasaki*, 442 U.S. 682, 701 (1979) (class relief is "peculiarly appropriate" when the "issues

involved are common to the class as a whole" and they "turn on questions of law applicable in the same manner to each member of the class").

**Typicality.** The typicality requirement of Rule 23(a)(3) "refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." 1 Newberg on Class Actions § 3:13 (citations omitted). In other words, the court must determine "whether other [class] members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). If litigating the named plaintiff's claims will advance the interests of absent class members, the claims are typical. *See, e.g., Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156-57 (1982). The proper focus is whether plaintiff's claims "arise from the same alleged pattern or practice and are based on the same legal theory as the purported class member." *Veal v. Crown Auto Dealerships, Inc.*, 263 F.R.D. 572 (M.D. Fla. 2006) citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279, n. 14 (11th Cir.2000). ("a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences") (citing *Walla v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985)); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984) ("a sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory"). Here, the claims of Plaintiff and each Class Member arises from the the theft of his or her personal identifying information.

**Adequacy of Representation.** Rule 23(a)(4) requires that the named representatives "not possess interests which are antagonistic to the interests of the class." 1 Newberg on Class Actions § 3:21. Second, the named representative's counsel "must be qualified, experienced,

and generally able to conduct the litigation." *Id.*; *Amchem*, 521 U.S. at 625-26. At the preliminary stage of the approval process, there is nothing to suggest that this requirement has not been satisfied. The named representative is a member of the Class and he does not possess any interest antagonistic to the Class. Mr. Burrows has submitted a declaration in support of the settlement. *See* Burrows Declaration, attached hereto as **Exhibit F**. In addition, Proposed Settlement Class Counsel are experienced in class action litigation and have submitted declarations establishing their skills and experience in handling class litigation around the country and in this District. *See* Declaration of John A. Yanchunis, attached as **Exhibit I**, and Declaration of Allen Fuller, attached as **Exhibit J**.

**Common Questions of Law and Fact Predominate.** For purposes of satisfying Rule 23(b)(3)'s requirements, "the predominance test asks whether a class suit for the unitary adjudication of common issues is economical and efficient in the context of all the issues in the suit." 1 Newburg on Class Actions § 4:25; *see also Amchem*, 521 U.S. at 623 ("The Rule 23(b)(3) predominance inquiry tests whether proposed class members are sufficiently cohesive to warrant adjudication by representation). The Parties agree that, for purposes of this settlement only, common questions of fact and law predominate over questions of fact and law affecting only individual members of the Class. A Class Settlement will ensure that funds are available to compensate injured Class Members.

**Superiority.** Rule 23(b)(3) also requires that the class action device be superior to other methods of adjudication. Factors the Court may consider are: (A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the

claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class. As noted earlier, any difficulties of management of the Class need not be considered in this settlement context. *Amchem*, 521 U.S. at 620; *Sullivan v. DB Invs., Inc.*, 667 F.3D 273,302-303 (3d Cir. 2011) ( holding that potential variances in different states' laws would not defeat certification of a settlement-only class because trial management concerns were not implicated by a settlement-only class ,as opposed to a litigated class). A class action settlement is superior to other means of resolution because a settlement affording Class Members an opportunity to receive compensation benefits all parties.

### C. Form and Method of Class Notice Are Adequate and Satisfy the Requirements of Rule 23.

Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, when approving a class action settlement, the district court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173-77 (1974); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

The form of order, attached hereto as **Exhibit G**, has been drafted and approved by counsel for the Plaintiff and Purchasing Power. The proposed order anticipates that the Postcard Notice be mailed to Settlement Class Members identified by the Named Plaintiff and Purchasing Power and that the Long Form Notice be made available to Settlement Class Members. Both forms of the Notice are written in plain and straightforward language consistent with Rules 23(c)(2)(B) and (23(e)(1). Both forms of Notice objectively and neutrally apprises all Class Members of the nature of the action, the definition of the Class sought to be certified for purposes of the Settlement, the Class claims and issues, that Class Members may enter an appearance before the Court at the Fairness Hearing, that the Court will exclude from the Class any Class Member who opts out (and sets for the procedures and deadlines for doing so), and the

binding effect of a class judgment on Class Members under Rule 23(c)(3)(B).  The Notice further will apprise Class Members of the procedures and deadlines for submitting objections.

The Court will decide whether to grant final approval to the Settlement Agreement after notice is mailed to all Settlement Class Members, after they have been given the opportunity to object or opt out, and after this Court hears final arguments at a fairness hearing pursuant to the provisions of the attached proposed order.  The mailing of the notice and subsequent providing of compensation to Settlement Class Members who do not opt out of the Settlement Class and who make claims will be conducted by Epiq Class Actions & Claims Solutions, Inc., a nationally recognized class action administrator.  Epiq has submitted a declaration describing its experience in administering data privacy class actions.  *See* Declaration of Cameron Azari, Epiq Director of Legal Notice, attached hereto as **Exhibit H**.

## Conclusion

Accordingly, the Named Plaintiff and Purchasing Power jointly request preliminary approval of the Settlement Agreement and entry of the attached order, and to grant such other and further relief as this Court deems necessary and proper for the effective administration of this Class Action.

*s/ John Allen Yanchunis*
John Allen Yanchunis, Sr.  (0324681)
Email: jyanchunis@forthepeople.com
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone:  (813) 223-5505
Facsimile:  (813) 223-5402
***Attorneys for Patrick A. Burrows***

*s/ Thomas Meeks*
Thomas Meeks (314323)
e-mail: tmeeks@carltonfields.com
Steven J. Brodie (333069)
e-mail: sbrodie@carltonfields.com
CARLTON FIELDS, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, Florida  33131
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055

Facsimile: (813) 223-5402
***Attorneys for Patrick A. Burrows***

Dated: April 5, 2013

Telephone: (305) 530-0050
Facsimile: (305) 530-0055
***Attorneys for Purchasing Power, LLC***

Dated: April 5, 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

*s/ John Allen Yanchunis*
Attorney