UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



PATRICK A. BURROWS, individually,
and on behalf of all others similarly
situated,

          *Plaintiff*,

v.

PURCHASING POWER, LLC, a foreign
limited liability corporation,
          *Defendant*.

CASE NO: 12-22800-CV-UNGARO

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT,
CONDITIONALLY CERTIFYING A
CLASS AND GRANTING OTHER RELIEF**

The parties in this class action, together with their respective counsel, seek from the Court an order preliminarily certifying a class for settlement purposes, appointing Plaintiff as the class representative, appointing lead counsel for the class, directing the issuance of class notice, and scheduling a fairness hearing. Having read the papers in support of the request for an order preliminarily certifying a class for settlement purposes, the Court makes the following findings and issues the following relief:

### Background

Plaintiff commenced this putative class action on July 31, 2012 by the filing of a complaint against Winn-Dixie Stores, Inc. and Purchasing Power, LLC (D.E. 1), which Plaintiff amended on August 7, 2012. Defendant and Winn-Dixie Stores, Inc. filed their joint Motion to Dismiss for lack of standing and for failure to state a claim under Rule 12(b)(6). (D.E. 17). On

October 18, 2012, this Court entered its order granting in part and denying in part Defendant's and Winn-Dixie Stores, Inc.'s Motion to Dismiss and directing Plaintiff to file an Amended Complaint no later than October 26, 2012. (D.E. 38). Plaintiff voluntarily dismissed Winn-Dixie Stores, Inc. from the case without prejudice on November 12, 2012 (D.E. 39) and filed his Second Amended Complaint against Defendant on October 26, 2012. (D.E. 39 & 38). Defendant moved to dismiss the Second Amended Complaint on November 13, 2012. (D.E. 40). By order dated December 5, 2012, this Court denied Defendant's motion and ordered Defendant to file an answer to the Second Amended Complaint by December 16, 2012. (D.E. 44). Purchasing Power timely filed its answer. (D.E. 45).

On March 19, 2013, Plaintiff filed his Third Amended Complaint (Complaint) to expand the definition of the class and in accordance with the Notice of Court Practices dated March 12, 2013. The Complaint asserts, among other things, claims arising out of a data breach of Plaintiff's and Class Members' Personally Identification Information (PII) while the information was in the possession of Defendant. The Complaint seeks monetary, declaratory and injunctive relief on behalf of Plaintiff, individually, and a putative class of former and present employees of Winn Dixie Stores, Inc.   Plaintiff seeks to certify a nationwide class of persons pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3). Defendant contests liability for the claims asserted in the Complaint.

After the conclusion of motion practice directed to the sufficiency of the Second Amended Complaint, the parties began exploring resolution of Plaintiff's claims on a class-wide basis. These discussions were prompted by the parties' desire to avoid the expense, uncertainties and the burden of protracted litigation, and to put to rest any and all claims or causes of actions

that have been, or could have been, asserted against Defendant Purchasing Power arising out of the data breach.

In furtherance of these settlement discussions, the parties took a number of steps. *First,* Plaintiff conducted extensive (albeit informal) discovery, Defendant produced to Plaintiff documents relating to the breach, its data and privacy system before the breach, and the steps it took and changes it made after the discovery of the data breach. Defendant also produced additional documents that Plaintiff requested, provided answers to written interrogatories, and answered additional specific questions posed by Plaintiff directed at the integral issues in this case.

*Second,* Plaintiff took depositions of Defendant's Chief Operating Officer, Prescott M. Wheeler, and of a third party, Nicholas Cramer, Director of Sales at Debix/All Clear ID to explore the issues relating to the case, the circumstances surrounding the data breach, and Defendant's implementation of specific policies, procedures, and systems to safeguard PII in the future.

*Third,* the parties jointly retained a mediator, Rodney Max, a highly skilled and experienced mediator with a proven track record for resolving complex disputes including class litigation, to mediate their settlement discussions.

*Next,* the parties conducted a mediation session to explore settlement. The parties exchanged offers and counteroffers and negotiated the points of each vigorously. This mediation resulted in a settlement now presently before this Court for consideration.

Following this mediation session, the parties, turned to the task of memorializing the terms of the settlement in a Settlement Agreement, along with an accompanying class notice form and claim form.

In the Settlement Agreement, the parties agreed to a settlement of this action that would involve the certification, for settlement purposes only, of a nationwide class of persons, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement, which, if approved, will result in final certification of the Class and dismissal of the action with prejudice.

### Findings

Upon reviewing the Settlement Agreement and the Complaint in this matter, and the matter having come before the Court, based on the foregoing, the Court's proceedings and the respective applications of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

**Jurisdiction.** This Court has personal jurisdiction over all proposed Class Members (as defined below) and has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed settlement and conditionally certify a class for settlement purposes.

**Class Representatives and Lead Counsel.** Plaintiff Patrick Burrows is designated as representative of the Class, as defined below, for settlement purposes only. John Yanchunis of the law firm of Morgan & Morgan P.A. is hereby designated as Lead Counsel for the Class, and Allen Fuller as Class Counsel .

**Class Findings.** For purposes of the settlement of this action, the Court preliminarily finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the U.S. District Court for the Southern District of Florida Local Rules have been met in that:

The Class (as defined below) consists of 43,565 individuals' PII, who had their PII transferred in a data file (also known as an eligibility file) that included their names, Social Security Numbers, salary information, hire dates, status indicators, term dates, and dates of birth. The Class is ascertainable on the basis of the records of Winn-Dixie Stores, Inc. and other objective criteria, and Class Members are so numerous that it is impracticable to bring all Class Members before the Court.

The commonality requirement is satisfied when members of a proposed class share at least one common factual or legal issue that is capable of common resolution. Here, Plaintiff has alleged numerous questions of fact and law common to the Class, including, among others:

       a. Whether Defendant failed to implement and maintain commercially reasonable procedures to ensure the security of Plaintiff's and Class Members' PII;

       b. Whether Defendant failed to adequately secure PII stored in its processing system;

       c. Whether Defendant took reasonable measures to determine the extent of the data breach;

       d. Whether Defendant acted negligently in failing to implement and maintain commercially reasonable procedures to secure Plaintiff's and Class Members' PII;

       e. Whether Defendant acted negligently in delaying or failing to inform Plaintiff and Class Members of the data breach;

       f. Whether Defendant's conduct constitutes negligence;

       g. Whether Defendant's conduct was unfair, deceptive, and/or unconscionable;

h.   Whether Defendant invaded the privacy of Plaintiff and the Class Members;

i.   Whether Plaintiff and Class Members are entitled to injunctive and declaratory relief;

j.   Whether Plaintiff and the Class Members have sustained monetary loss and the proper measure of that loss; and

k.   Whether Plaintiff and the Class Members have sustained consequential loss, and, if so, to what measure.

Considering the allegations of the Complaint, the Court preliminarily finds that, for purposes of this settlement Class only, these common questions of fact and law predominate over questions of fact and law affecting only individual members of the Class.

Based on Plaintiff's allegations in the Complaint, and for purposes of this settlement only, the Court preliminarily finds that the claims of the representative Plaintiff are typical of the claims of the Class, and that the representative Plaintiff will fairly and adequately protect the interests of the Class, in that: (1) the interests of the named Plaintiff and the nature of his alleged claims are consistent with those of all members of the Class; (2) there appear to be no conflicts between or among the named Plaintiff and Class Members; (3) the named Plaintiff has been and appears to be capable of continuing to be an active participant in both the prosecution of and the negotiations to settle this action; and (4) the named Plaintiff and Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those involving the sort of insurance practice and administration claims alleged in the Complaint.

The Court preliminarily finds that for purposes of this settlement only, a resolution of the action in the manner proposed by the Stipulation is superior to other available methods for a fair

and efficient adjudication of this action. The proposed resolution of this action involves four

specific forms of relief for Class Members, including equitable relief.

The Court also notes that because this action is being settled, rather than litigated, the

Court need not consider the manageability issues that might otherwise be presented by litigation

of a nationwide class action involving these issues. *Amchem Prods. v. Windsor*, 521 U.S. 591,

619 117 S. Ct. 2231, 2248 (1997). In making these preliminary findings, the Court has

considered, among other factors: (1) the interests of Class Members in individually controlling

the prosecution or defense of separate actions; (2) the impracticability or inefficiency of

prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning

these claims already commenced; and (4) the desirability of concentrating the litigation of the

claims in a particular forum.

**Preliminary Class Certification for Settlement Purposes.** Based on the foregoing

findings, the Court defines the Class to consist of:

> All persons throughout the United States who were employees of Winn-
> Dixie and who had their personal identifying information transferred by
> Winn-Dixie to Purchasing Power on or about December 28, 2009, who are
> listed on the Winn-Dixie eligibility file known as elig_win_20091226.txt.
> Defendant is excluded from the Class as well as any entity in which the
> Defendant has a controlling interest, along with Defendant's legal
> representatives, officers, directors, assignees and successors. Also
> excluded from the Class is any judge to whom this action is assigned,
> together with any relative of such judge, and the spouse of any such
> persons.

The Court finds that, for the sole purpose of settlement, and without an adjudication of

the merits, the Class is sufficiently well-defined and cohesive, and the proposed settlement, on

the record thus far produced, seems adequate, to warrant sending notice of the action and the

proposed settlement to the Class.

**Findings Regarding Proposed Settlement.** The Court finds that: (a) the proposed settlement *resulted* from extensive arms'-length negotiations and was concluded only after counsel for Plaintiff had engaged in extensive due diligence, including the review of documents and other information, taking deposition and (b) the proposed settlement evidenced by the Settlement Agreement sufficient to warrant (i) preliminary certification of the Class for settlement purposes, (ii) notice thereof to the members of the Class, and (iii) a full hearing on the settlement.

**Fairness Hearing.** A hearing (the "Fairness Hearing") will be held on October 4, 2013 at 10:30 AM, in courtroom 12-4 in the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128, before United States District Judge Ursula Ungaro, to determine: (a) whether the action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate; (c) whether the class action should be dismissed with prejudice pursuant to the terms of the parties' settlement; (d) whether Class Members should be bound by the Release set forth in the parties' settlement; (e) whether Class Members should be subject to a permanent injunction that, *inter alia,* bars Class Members from filing, commencing, prosecuting, intervening in, participating in (as Class Members or otherwise), or receiving any benefits from, any lawsuit, administrative or regulatory proceeding or order in any jurisdiction based on, or relating to, the claims (and the facts and circumstances related thereto) in this action and/or the released conduct as set forth in the parties' settlement; and (f) whether Plaintiff's application for an incentive fee award should be approved; and (g) whether the application of Plaintiff's counsel for an award of attorneys' fees and expenses should be approved. The parties' submissions in

support of the settlement, motion seeking an incentive award for the class and a motion seeking shall be filed with the Court at least 30 days prior to the Fairness Hearing.

**Notice by Mail.** Within 60 days of the date of this Order, Notice (the "Class Notice") shall be mailed, at Purchasing Power's expense, by first-class mail, postage prepaid, to the last known address of each Class Member.

**Re-mailing of Notice.** The Court finds that the notice plan set forth in the previous paragraph is reasonably calculated under the circumstances to inform the Class of this settlement because the Class is well defined and their Class Members' addresses are in the possession of Winn-Dixie Stores, Inc. The parties shall be required to mail additional rounds of Class Notices or to re-mail any returned Class Notices by the Postal Service with a forwarding address that is received by Defendant at least 30 days before the exclusion/objection deadline.

**Proof of Mailing.** At or before the Fairness Hearing, Defendant shall file with the Court a proof of mailing of the Class Notice.

**Findings Concerning Notice.** Having considered, among other factors, (a) the cost of giving notice by various methods, (b) the resources of the parties, (c) the stake of each Class Member, and (d) the likelihood that significant numbers of Class Members might desire to exclude themselves from the Class or appear individually, the Court finds that notice given in the form and manner provided above is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members: (1) of the pendency of this action; (2) of their right to exclude themselves from the proposed settlement; (3) that any judgment, whether favorable or not, will include all Class Members who do not request exclusion; and (4) that any Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance either personally or through counsel.

**Communications with Class Members.** Defendant may not be privy to or respond to inquiries between Lead Counsel for the Class and Class Members. Further, the parties shall establish, at Defendant's expense, a telephone bank with toll-free telephone numbers for responding to inquiries from Class Members about the proposed settlement and issues related to the action, subject to monitoring by Lead Counsel for the Class.

**Retention of Administrators.** The Court authorizes Defendant to retain Epiq Systems, Inc. to help implement the terms of the proposed settlement and authorizes such administrator to mail the Class Notice and carry out such other responsibilities as are provided for in the Settlement Agreement.

**Exclusion from Class.** Any Class Member who wishes to be excluded from the Class must send a written request for exclusion to the Clerk of the Court, by first-class mail, postage prepaid, to the address provided in the Class Notice. Any such exclusion request must be postmarked no later than 45 days before the date set for the Fairness Hearing in this Order. If the proposed settlement is approved, any Class Member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in this action, even if he or she subsequently initiates litigation against Defendant encompassed by the release in the Settlement Agreement that relates to the claims and conduct released in the parties' settlement (the "Release").

**Objections and Appearances.**

**Written Objections.** Any Class Member who has not filed a timely written request for exclusion from the Class and who complies with the requirements of this Order may object to any aspect of the proposed settlement and/or the award of attorneys' fees and expenses and plaintiff's incentive award, either on his or her own or through an attorney hired at his or her

expense. Any Class Member who wishes to object to the proposed settlement must file with the Court and deliver to Lead Counsel for the Class and counsel for Defendant a written statement of objection no later than 45 days before the date set for the Fairness Hearing in this Order. Such statement shall include all of the reasons why the Settlement should not be approved as fair, reasonable and adequate, or why attorneys' fees and expenses to Lead Counsel for the Class should not be awarded in the amounts requested or why Plaintiff's incentive award should not be awarded in the amount requested. The written objections(s) must include: (1) a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objection(s); (2) the Class Member's name, address and telephone number; (3) any other supporting papers, materials or briefs the Class Member wishes the Court to consider when reviewing the objection(s); and (4) a statement of whether a Class Member or his or her lawyer will ask to appear at the Fairness Hearing.

Any Class Member who retains an attorney to prepare the Class Member's written objection and/or who intends to appear at the Fairness Hearing through counsel must, in addition to the requirements stated above do the following in the written objection: (1) set forth the attorney's experience with class actions, including the capacity in which the attorney participated in each class action (e.g., as plaintiffs', defendants' or objectors' counsel), and the outcome of each case; (2) if the attorney has previously represented objectors in a class action, then the attorney must detail the disposition or effect that any objection had on each class action case and how much the attorney was paid for the representation of each objector in each class action case; and, (3) even if the Class Member employs an attorney to prepare the written objection, the Class

Member must sign the written objection personally as an attestation that the Class Member discussed the objection with his or her attorney and has fully reviewed the written objection.

Any Class member who files and serves a timely written objection, as described in this Order, may appear at the Fairness Hearing, either in person or through counsel hired at the Class Member's expense who files the appropriate notice, to object to the fairness, reasonableness or adequacy of this Stipulation, the proposed settlement, the award of attorneys' fees and expenses, or Plaintiff's incentive award.

Any objection that the Class Member wishes the Court to consider shall be provided to each of the following:

> Clerk of the Court
> United States District Court for the Southern District of Florida
> Wilkie D. Ferguson, Jr. United States Courthouse
> 400 North Miami Avenue
> Miami, FL 33128
> **Re: Case No.: 12-22800-CV-UNGARO**
>
> John A. Yanchunis, Esq.
> Morgan & Morgan P.A.
> 201 N. Franklin Street, 7th Floor
> Tampa, FL 33602
> **Lead Counsel for the Class**
>
> - and -
>
> Thomas Meeks, Esq.
> CARLTON FIELDS, P.A.
> Miami Tower
> 100 S.E. Second Street, Suite 4200
> Miami, Florida 33131
> Telephone: (305) 530-0050
> Facsimile: (305) 530-0055
> **Lead Counsel for Defendant Purchasing Power, LLC**

Any Class Member who does not timely file and serve a written objection pursuant to the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any objection that is not timely made shall be barred.

**Appearance at Fairness Hearing.** Any Class Member who files and serves a timely written objection pursuant to the terms of this Order and complies with the notice requirements of this Order may also appear at the Fairness Hearing, either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Lead Counsel for the Class and counsel for Purchasing Power and file with the Court, at the addresses specified in this Order, no later than 30 days before the date set for the Fairness Hearing in this Order, a notice of intention to appear, setting forth the case number, and the name, address and telephone number of the Class Member who intends to appear (and, if applicable, the name of the Class Member's attorney who intends to appear). Any Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this Order shall not be permitted to appear, except for good cause shown.

**Exclusion from the Class**   All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the Judgment Order entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement. All persons who submit valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

**Submission of Claim for Benefits**   Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall

do so in accordance with the requirements and procedures of the Settlement Agreement. All Settlement Class Members who qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, and the releases contained therein.

**Post Office Boxes.** Defendant or its designated agents are directed to rent one or more post office boxes in the name of the Clerk of the Court to be used for receiving requests for exclusion and any other Class Member communications. In addition to the Court and the Clerk of the Court, only Lead Counsel for the Class, counsel for Defendant and their designated agents shall have access to such post office boxes.

**Service of Papers.** Lead Counsel for the Class and counsel for Defendant shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed settlement, including responses to any papers filed by Class Members. Lead Counsel for the Class and counsel for Defendant shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections and a list reflecting such requests for exclusion with the Court on or before the date of the Fairness Hearing.

**Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (1) the proposed settlement is not finally approved by the Court, or if the Court's final approval of the proposed settlement is reversed or vacated in any material respect on appeal; or (2) the proposed settlement is

terminated in accordance with the Settlement Agreement or for any other reason. In such event, the proposed settlement shall become null and void and be of no further force and effect, and neither the Settlement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

**CAFA Compliance.** Purchasing Power shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement, and, pursuant to the settlement, shall notify Settlement Class Counsel of its compliance.

**Use of Order.** This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession or declaration by or against Defendant of any fault, wrongdoing, breach or liability, or by or against Plaintiff or any Class Member that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims it or they may have.

**Continuance of Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Class, but will notify counsel for the parties (including objectors who have made a timely appearance in these proceedings pursuant to the terms of this Order. Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand the mailing or publication requirements set forth in this Order or to extend the filing or service deadlines set forth in this Order.

**Stay of Litigation Proceedings.** All discovery and other pretrial deadlines are stayed and suspended until further order of the Court.

**IT IS SO ORDERED**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of ___, 2013.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE